MFA MUTUAL INSURANCE COMPANY, and Elbert L. Drum, Respondents,

v.

Sherry A BURNS, Administratrix of the Estate of Kevin Keifer, Damon F. Wilson, Mr. Robert Young, and Mrs. Robert Young, and Paul G. Gay, Appellants.

Nos. 44704, 44736.

Missouri Court of Appeals, Eastern District, Division Three.

June 22, 1982.

Motion for Rehearing and/or Transfer Denied Sept. 17, 1982.

Application to Transfer Denied Oct. 18, 1982.

A. M. Spradling, III, James Waltz, Cape Girardeau, Francis Toohey, Jr., Perryville, for appellants.

James E. Spain, Bloomfield, Keith S. Bozarth, Hyde, Purcell, Wilhoit Spain, Edmundson & Merrell, Poplar Bluff, for respondents.

CRIST, Judge.

MFA Mutual Insurance Company and its insured, Elbert Drum, (hereafter called collectively the Company) initiated this declaratory judgment action following a two-car collision in Texas involving Drum's car. Unknown to Mr. Drum, his daughter and one Kevin Kiefer had taken Drum's car and left Missouri two days earlier for California. Minutes before the accident Ms. Drum and Kiefer, who was driving at the time and who was killed in the collision, picked up defendant Damon Wilson, a hitchhiker and non-resident of Missouri who was also headed for California. The other car accounts for the remaining defendants: Mr. and Mrs. Robert Young, Illinois residents whose only connection with this tragedy is that their daughter was killed in the crash; and Paul Gay, also an Illinois resident, who was in the car with Ms. Young.

The Company sought the trial court's declaration that Kiefer was not covered by its automobile insurance policy and that it therefore incurred no liability on the collision. The four out-of-state defendants (hereafter defendants) moved to quash the returns of service of summons on them and

to dismiss on grounds they were not amenable to the trial court's jurisdiction under § 506.500.–1, RSMo. 1978, Missouri's long-arm statute. The trial court ordered defendants' motions denied and they appeal from the subsequent judgment for the Company, assigning error to the denial of their motions and seeking reversal on other alternative grounds. We grant the relief defendants requested in their motions to quash and do not reach the other issues.

The Company claims defendants' arguments under the long-arm statute are beside the point, in that the trial court acquired jurisdiction under § 506.160.–1, RSMo. 1978 (all further references to statutory sections are to RSMo. 1978):

Service by mail or by publication shall be allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court.... If the defendant so served does not appear, judgment may be rendered affecting said property, res or status within the jurisdiction of the court *as to said defendant,* but such service shall not warrant a general judgment against such defendant. (Emphasis added)

According to the Company, jurisdiction *in personam* over defendants under the long-arm statute was neither sought nor required. Rather, the Company implies the trial court's jurisdiction was *quasi in rem* in that it had before it the insurance policy's "res" and the question of Kiefer's status thereunder, and that the trial court could properly determine the question of the Company's liability under the policy "as to said defendant[s]."

■ It is of no consequence the trial court's power to reach the defendants is styled jurisdiction *quasi in rem* under § 506.160.–1. rather than jurisdiction *in personam* under § 506.500.–1. The Supreme Court acknowledged in *Shaffer v. Heitner,* 433 U.S. 186, 207, 97 S.Ct. 2569, 2581, 53 L.Ed.2d 683 (1977) that "[t]he phrase, 'judicial jurisdiction over a thing,' is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing," and held, *id.:*

[I]n order to justify an exercise of jurisdiction [quasi] *in rem,* the basis for jurisdiction must be sufficient to justify exercising "jurisdiction over the interests of persons in a thing." [footnote omitted] The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in *International Shoe.*

The minimum-contacts standard in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) supposes a relationship among the defendant, the forum, and the litigation, *Shaffer v. Heitner, supra,* 433 U.S. at 204, 97 S.Ct. at 2579, and requires, among other things, ". . . some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State . . . ." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *and see: State ex rel. Sperandio v. Clymer,* 581 S.W.2d 377, 381 (Mo.banc 1979). An out-of-state automobile accident involving residents and non-residents of Missouri, nothing more being shown, patently is not such an act.

Under *Shaffer v. Heitner* and its progeny, any assertion of state-court jurisdiction must satisfy the minimum contacts standard—and this one did not. The judgment as against Wilson, Gay and Youngs is vacated, and the cause is remanded with instructions to quash the return of service of summons on them.

Judgment vacated in part, and remanded with instructions.

REINHARD and SNYDER, JJ., concur.